JOHN P. REITMAN (Bar No. 80579)
ALEKSANDRA ZIMONJIC (Bar No. 210252)
GUMPORT | REITMAN
550 South Hope Street, Suite 825
Los Angeles, California 90071-2627
Telephone: (213) 452-4900
Facsimile: (213) 623-3302

Attorneys for Plaintiff R. Todd Neilson,
Trustee of the Estate of Reed E. Slatkin
and Substantively Consolidated Affiliates Topsight
Oregon, Inc. and Reed Slatkin Investment Club,
L.P. Liquidating Trust

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| In re | CV 08-4193-RSWL |
| REED E. SLATKIN and Substantively Consolidated Affiliates TOPSIGHT OREGON, INC., and REED SLATKIN INVESTMENT CLUB, L.P., | Bk. No.: ND 01-11549-RR |
| Reorganized Debtors. | CHAPTER 11 |
| | [Adv. No. 07-01009] |
| R. TODD NEILSON, Trustee of the Estate of Reed E. Slatkin and Substantively Consolidated Affiliates Topsight Oregon, Inc., and Reed Slatkin Investment Club, L.P. Liquidating Trust, | |
| Plaintiff, | AMENDED JUDGMENT |
| v. | |
| JACINTO CASTELLANO, an individual, and DOES 1-10, Inclusive, | |
| Defendants. | |

/ / /

/ / /

/ / /

Pursuant to Fed.R.Civ.P. 56(c), Fed. R. Bankr. P. 7056(c), 28 U.S.C. § 157(c)(1), and Fed.R.Bankr.P. 9033, this Court has considered the motion (the "Motion") of plaintiff R. Todd Neilson, in his capacity as the trustee (the "Trustee") of the "Estate of Reed E. Slatkin and Substantively Consolidated Affiliates Topsight Oregon, Inc. and Reed Slatkin Investment Club, L.P. Liquidating Trust" (the "Liquidating Trust"), the successor-in-interest to the chapter 11 bankruptcy estate (the "Estate") of Reed E. Slatkin and substantively consolidated affiliates Topsight Oregon, Inc. and the Reed Slatkin Investment Club, L.P., for summary judgment on the Trustee's first and second claims for relief alleged in the Complaint against defendant Jacinto Castellano ("Castellano").

Having considered the Motion, all documents filed in support of the Motion, the Bankruptcy Court's Findings of Fact and Conclusions of Law on the Motion ("Findings and Conclusions"), and all other pleadings and papers on file in this action, no opposition to the Motion having been filed, no objection to the Findings and Conclusions having been filed or received by the Court, and good cause appearing, the Court hereby accepts the Bankruptcy Court's Findings and Conclusions as its own and grants summary judgment in favor of the Trustee and against Castellano as follows:

**IT IS ORDERED, ADJUDGED AND DECREED** that:

**On the First Claim for Relief**:

**1.** On the Trustee's first claim for relief against Castellano for the avoidance and recovery of actual fraudulent transfers pursuant to Fla. Stat. §§ 726.105(1)(a) and 726.108, judgment is entered against Castellano and in favor of the Trustee in the following amounts:

    **a.** The principal amount of $235,691.26;

    **b.** Pre-judgment interest in the sum of $53,563.16 (calculated at the rate of 7% per annum on the sum of $235,691.26 from March 8, 2005 [the date of the avoided fraudulent transfer] through the date of judgment in accordance with Fla. Stat. §§ 687.01 and 55.03); and

/ / /

/ / /

1         **c.**    Post-judgment interest in accordance with 28 U.S.C. § 1961 on all
2 unpaid amounts awarded in paragraphs 1(a) and (b) of this judgment from the date this
3 judgment is entered until all such amounts are paid.
4         **2.**    On the Trustee's first claim for relief against Castellano for the avoidance and
5 recovery of actual fraudulent transfers pursuant to Fla. Stat. §§ 726.105(1)(a) and 726.108,
6 judgment is further entered against Castellano and in favor of the Trustee as follows:
7         Castellano, his agents, servants, employees, and attorneys, and those in active concert
8 or participation with him or them, are hereby restrained and enjoined from either transferring
9 or encumbering, without leave of this Court or the consent of the Trustee, any of the real
10 properties (the "Castellano Properties") legally described as:

        PARCEL I:

        Lot 10, Block 8, NORTH SHORE PARK, according to the map or plat thereof as recorded in Plat Book 3, Page 10, Public Records of Pinellas County, Florida.

        PARCEL II:

        Lots 57 and 57-A of AMBLESIDE SECOND ADDITION, according to the Plat thereof as recorded in Plat Book 64, Page(s) 17, of the Public Records of Pinellas County, Florida.

        PARCEL III:

        The North 45 feet of Lot 88, the North 45 feet of the East 36.6 feet of Lot 87 of GRANDVIEW TERRACE, according to the Map or Plat thereof as recorded in Plat Book 12, Page 3 of the Public Records of Pinellas County, Florida, together with that part of the unnumbered lot to the North described as follows:

        Begin at the Northeasterly corner of said Lot 88 and run thence Northerly along the Westerly line of Casler Avenue, 100 feet to the Southerly line of street to the North, thence Southwesterly along the Southerly line 120.55 feet, thence Southerly 50 feet to a point on the Northerly line of Lots 87 and 88, said point lying 110 feet Westerly from the Northeast corner of Lot 88, thence Easterly along the Northerly line of Lots 87 and 88, 110 feet to the point of beginning.

27 / / /
28 / / /

         PARCEL IV:

         Lot 17, WOODMERE HEIGHTS, according to the plat thereof as recorded in Plat Book 45, page 45, of the Public Records of Pinellas County, Florida.

         PARCEL V:

         Lot 12, WOODMERE HEIGHTS, as per plat thereof recorded in Plat Book 45, Page 45, of the Public Records of Pinellas County, Florida.

     **3.**    On the Trustee's first claim for relief against Castellano for the avoidance and recovery of actual fraudulent transfers pursuant to Fla. Stat. §§ 726.105(1)(a) and 726.108, judgment is further entered against Castellano and in favor of the Trustee as follows:

         An equitable lien in favor of the Trustee is hereby imposed on the Castellano Properties in the following manner:

         **a.**    An equitable lien in the amount of $40,000.00 is imposed on real property legally described as:

         Lot 10, Block 8, NORTH SHORE PARK, according to the map or plat thereof as recorded in Plat Book 3, Page 10, Public Records of Pinellas County, Florida.

         **b.**    An equitable lien in the amount of $267,500.00 is imposed on real property legally described as:

         Lots 57 and 57-A of AMBLESIDE SECOND ADDITION, according to the Plat thereof as recorded in Plat Book 64, Page(s) 17, of the Public Records of Pinellas County, Florida.

         **c.**    An equitable lien in the amount of $66,730.77 is imposed on real property legally described as:

         The North 45 feet of Lot 88, the North 45 feet of the East 36.6 feet of Lot 87 of GRANDVIEW TERRACE, according to the Map or Plat thereof as recorded in Plat Book 12, Page 3 of the Public Records of Pinellas County, Florida, together with that part of the unnumbered lot to the North described as follows:

         Begin at the Northeasterly corner of said Lot 88 and run thence Northerly along the Westerly line of Casler Avenue, 100 feet to the Southerly line of street to the

North, thence Southwesterly along the Southerly line 120.55 feet, thence Southerly 50 feet to a point on the Northerly line of Lots 87 and 88, said point lying 110 feet Westerly from the Northeast corner of Lot 88, thence Easterly along the Northerly line of Lots 87 and 88, 110 feet to the point of beginning.

      **d.**    An equitable lien in the amount of $73,235.60 is imposed on real property legally described as:

> Lot 17, WOODMERE HEIGHTS, according to the plat thereof as recorded in Plat Book 45, page 45, of the Public Records of Pinellas County, Florida.

and

      **e.**    An equitable lien in the amount of $61,296.88 is imposed on real property legally described as:

> Lot 12, WOODMERE HEIGHTS, as per plat thereof recorded in Plat Book 45, Page 45, of the Public Records of Pinellas County, Florida.

**On the Second Claim for Relief**:

    **4.**    On the Trustee's second claim for relief against Castellano for the avoidance and recovery of constructive fraudulent transfers pursuant to Fla. Stat. §§ 726.105(1)(b) and 726.108, judgment is entered against Castellano and in favor of the Trustee in the following amounts:

      **a.**    The principal amount of $235,691.26;

      **b.**    Pre-judgment interest in the sum of $53,563.16 (calculated at the rate of 7% per annum on the sum of $235,691.26 from March 8, 2005 [the date of the avoided fraudulent transfer] through the date of judgment in accordance with Fla. Stat. §§ 687.01 and 55.03); and

      **c.**    Post-judgment interest in accordance with 28 U.S.C. § 1961 on all unpaid amounts awarded in paragraphs 4(a) and (b) of this judgment from the date this judgment is entered until all such amounts are paid.

    **5.**    The amounts awarded pursuant to paragraph 4 are included in the amounts awarded pursuant to paragraph 1.

1     **6.**    On the Trustee's second claim for relief against Castellano for the avoidance and recovery of constructive fraudulent transfers pursuant to Fla. Stat. §§ 726.105(1)(b) and 726.108, judgment is further entered against Castellano and in favor of the Trustee as follows:

Castellano, his agents, servants, employees, and attorneys, and those in active concert or participation with him or them, are hereby restrained and enjoined from either transferring or encumbering, without leave of this Court or the consent of the Trustee, any of the real properties (i.e., the Castellano Properties) legally described in paragraph 2.

    **7.**    On the Trustee's second claim for relief against Castellano for the avoidance and recovery of constructive fraudulent transfers pursuant to Fla. Stat. §§ 726.105(1)(b) and 726.108, judgment is further entered against Castellano and in favor of the Trustee as follows:

An equitable lien in favor of the Trustee is hereby imposed on the Castellano Properties as described in paragraph 3.

    **8.**    The equitable lien awarded pursuant to paragraph 7 is duplicative of, and not in addition to the lien awarded in paragraph 3.

**On the Third Claim for Relief**:

    **9.**    The Trustee's third claim for relief is dismissed without prejudice.

**Dismissal of Doe Defendants:**

    **10.**    As to all Doe defendants, each claim for relief alleged in the Trustee's Complaint is dismissed without prejudice.

**Final Judgment**

    **11.**    This Judgment is a final judgment adjudicating all of the claims and the rights and liabilities of all of the parties.

**DATED: May 28, 2009**

/ S /

**HONORABLE RONALD S.W. LEW**
**SENIOR, U.S. DISTRICT COURT JUDGE**